[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Plaintiff, Edwin A. Rodriquez, brings this complaint in two (2) counts: breach of contract and unjust enrichment. The defendant, Tamara Massalski, denies the material allegations of the complaint.
The facts material to the issues raised between the parties are: that, the plaintiff and the defendant's son, Morris Massalski, agreed to exchange cars: the plaintiff's 1987 Cadillac for a 1990 Honda that Morris was driving. Since neither had possession of the title to their respective cars, they decided to exchange cars, registrations and insurance cards. They each also made up bills of sale but retained possession of them with the understanding that upon obtaining the CT Page 11587 automobile title for their respective auto it would be presented to the other party, together with the bill of sale. At that time the transaction would be completed.
Subsequently, the plaintiff informed Morris that he was prepared to present the title to the Cadillac to complete his part of the transaction. Morris, however, did not have the title to the Honda to give to the plaintiff. For several months the plaintiff attempted to exchange the titles with Morris, even going to Morris' home inquiring from his mother, the defendant, as to Morris' whereabouts, without success. This continued for several months. The plaintiff had possession of the Honda during this time, was driving it, making repairs to it, placed insurance coverage on it and treating it as his own car.
Morris, also, had possession of the Cadillac. Each knew that the title to the respective automobiles remained as it was previous to the transaction wherein they had exchanged the cars.
This continued until the Cadillac, in Morris' possession, was discovered burning and was totally destroyed. The police contacted the plaintiff since the Cadillac was still registered in his name. The garage that towed the Cadillac after the fire billed him for towing and storage charges. No insurance coverage was on the Cadillac because the plaintiff had transferred that insurance to the Honda.
Further, the plaintiff became aware that Morris Massalski was not the title owner of the Honda. In fact, it was Morris' mother, the herein defendant, who owned the Honda; and she permitted Morris, as a member of her family, to use the vehicle. She denies that Morris had the authority from her to sell or trade the Honda; that she never authorized Morris' actions in trading the Honda for the Cadillac to the plaintiff; never knew that this occurred until about the time the Cadillac was destroyed by fire. Further, she never in any way or manner ratified this trade or transfer of the Honda by Morris to the plaintiff.
In addition, the plaintiff lost the use of the Honda when police arrived at his home and towed the Honda away because the defendant title holder, Tamara Massalski, reported the Honda as missing. The defendant denies that she knew of or authorized in any way the transfer of the Honda to the plaintiff. She denies that she knew that the transaction between Morris and the plaintiff took place; that Morris had authority to act in her behalf in that transaction; nor, when she became aware of the transfer, did she in any way acquiesce in or approve it. In fact she requested the police to recover the Honda and return it to her. The court, in hearing the evidence, examining the exhibits presented and taking into consideration the arguments of counsel determines that the CT Page 11588 plaintiff has failed to prove the material allegations of his complaint by a preponderance of the evidence.
The court notes that the plaintiff failed to present any evidence that Morris had authority to act for his mother, the defendant herein and owner of the Honda, when he arranged to trade the Honda to the plaintiff. The plaintiff attempts to raise the issue of agency on the part of Morris for his mother because she permitted him to use the car even though it remained her property. The plaintiff implies that this permitted Morris to mislead him into believing he, Morris, was the owner. However, the plaintiff had failed to exercise due diligence to determine ownership and/or the title status of the Honda before exchanging cars with Morris. At the time the plaintiff and Morris traded the cars, the registrations and insurance cards were also delivered. Checking these documents or the leads obtainable from them would have provided the true ownership information to the plaintiff. Further, he could have checked with the Motor Vehicle Department records as to the status of the title. But, even when he visited Morris' home and spoke with the defendant he failed to ask her or even mention to her the purpose for contacting Morris. Any of these actions by the plaintiff would or could have brought the true status of the Honda's ownership to his attention. It would also have alerted the defendant as to what Morris had done.
The plaintiff attempts to place onto the defendant a duty to inform him, the plaintiff, of the Honda's ownership status. However, he fails to present any legal basis for placing this duty on the defendant.
The problems resulting to the plaintiff from this transaction may be because he was willing to accept the word of Morris as being truthful thus he did not diligently protect his own interests. In any case, this has no basis in law to hold the defendant responsible for the plaintiff's damages because of her ownership of the Honda.
In the second count, the plaintiff seeks to show that he had improved the Honda while it was in his possession, and that the defendant benefited from these improvements.
However, the measure of these benefits is not the payments made by the plaintiff to keep the car operating, or to improve it cosmetically but rather by showing the economic gain resulting to the defendant from these improvements. Determining the value of the Honda at the time the plaintiff received it and its value when returned to the defendant could be the basis for showing a benefit resulting to the defendant. No such evidence was presented that was based upon the Honda's condition at the time it was returned to the defendant. In fact, evidence was presented of a resulting loss to the defendant when she testified that the Honda was CT Page 11589 in a damaged condition with at least one tire deflated and scratches on the paintwork, that these conditions were not on the car previously. Thus, the benefit, if any, alleged by the plaintiff in improvements to the car, was not shown to have been of value to the defendant.
Thus, the plaintiff has failed to prove by a preponderance of the evidence that when the defendant received the Honda from the police, the improvements made by the plaintiff benefited the defendant and that she should be liable to the plaintiff for these benefits.
Therefore, the court finds the issues raised by the plaintiff in both counts of his complaint for the defendant. Further, Judgment may enter for the defendant on both counts, together with court costs.
Kremski, J.T.R.